UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN LAWTON, Executrix for the ESTATE OF HERBERT LAWTON and SUSAN LAWTON, Personally<br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, CBS CORPORATION, f/k/a VIACOM INC., successor-by-merger with CBS CORPORATION, a Pennsylvania Corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, AIR & LIQUID SYSTEMS CORPORATION, as successor by merger to BUFFALO PUMPS, INC., LESLIE CONTROLS, INC.<br><br>Defendants. | 2010 APR 29  A 10: 55<br><br>Civil Action No. _____<br><br>(In Re: Bridgeport Asbestos Litigation, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. FBT-CV-10-6008612-S)<br><br>**310CV660 VLB**<br><br>April 29, 2010 |

## CBS CORPORATION'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1442

TO THE HONORABLE JUDGE OF UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendant CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation. ("Westinghouse"), hereby files its Notice of Removal of the above-styled state court action, removing said matter to this Court pursuant to 28 U.S.C. § 1442.

## BACKGROUND

1.     Plaintiff filed his Complaint (Docket No. FBT-CV-10-6008612-S) in the Superior Court for the Judicial District of Fairfield at Bridgeport, on April 13, 2010 ("the State Court Action").

2.     Westinghouse received service of Plaintiff's Complaint on April 1, 2010. Plaintiffs' Complaint alleges asbestos exposure while he was "employed as an outside machinist at General Dynamics / Electric Boat Division, Groton, Connecticut from on or about 1965 to

1967. Mr. Lawton was employed as a materials handler at Prevel (sic) Industries, Plainfield, CT from on or about 1968 to 1969. Mr. Lawton was employed as an electrician, gas metering foreman with Norwich Public Utilities, Norwich, CT from on or about 1969 to 2002. He also performed work on automobiles and other vehicles." *See* copy of Complaint, annexed hereto as Exhibit 1, ¶ 2;

3.       Westinghouse designed, manufactured and supplied turbines to the Navy for use aboard various submarines constructed at Electric Boat. Each of these turbines was custom-designed and manufactured in accordance with detailed specifications and/or regulations promulgated or adopted by the U.S. Navy and its officers, and each relevant aspect of the turbine's design and manufacture was subject to detailed and ongoing direction and control by the Navy through its individual officers.

4.       Consistent with *Pantalone v. Aurora Pump Co.*, 576 F. Supp. 2d 325 (D. Conn. 2008), this Notice of Removal has been filed within thirty (30) days of Westinghouse's receipt of information from which it could first ascertain that Lawton allegedly worked at a facility where United States Navy submarines were constructed or repaired given Westinghouse's knowledge that one or more such vessels bore turbines and/or related marine equipment which was designed, manufactured and supplied to the Navy by Westinghouse subject to the detailed direction and control of the Navy and its officers.

## FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. §1442(A)

5.       The basis for this removal is that this action involves a person, i.e., Westinghouse, who – in relation to the claims being stated against it and as summarized herein – acted under the authority, direction and control of an officer or agency of the United States for purposes of 28

2

U.S.C. § 1442(a)(1) and who can state at least a colorable federal law-based "government contractor" defense to those claims.

6.     Westinghouse respectfully requests an opportunity to respond more fully in writing to any motion for remand in this case, but offers the following statement and citations to authority at this time in satisfaction of its obligation under 28 U.S.C. § 1446 to provide a short and plain statement of the legal and factual basis for its removal.

7.     Removal under 42 U.S.C. § 1442(a)(1) is proper where a defendant: 1) "'act[ed] under [a federal] officer;'" 2) has been sued for the actions which it performed "'under color of federal office;'" and 3) can state at least a colorable federal law-based defense to that suit. *Mesa v. California*, 489 U.S. 121 (1989); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008).

8.     In designing, manufacturing and supplying turbines for use aboard Navy submarines at Electric Boat, Westinghouse acted under the detailed and ongoing direction and control of one or more federal officers.  More specifically, Westinghouse manufactured and designed such turbines in accordance with precise, detailed, specifications promulgated by Navy Sea Systems Command.  Moreover, an Inspector of Naval Machinery, who was resident at Westinghouse's manufacturing facility, personally oversaw the manufacturing process and enforced compliance with the Navy's design specifications.  Further, the turbines were subject to various tests and trials supervised by the Navy before they were approved for use on military vessels.  In sum, all relevant aspects of the design and manufacture of the turbines were subject to close, detailed and ongoing supervision and control by the Navy and its officers.  Numerous courts have, in fact, held – in light of these facts – that Westinghouse was "acting under a federal officer" in relation to its design, manufacture and supply of Navy turbines.  *See, e.g., Madden v.*

3

*Able Supply Co.*, 205 F. Supp. 2d 695, 700-01 (S.D. Tex. 2002); *Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1326 (E.D. La. 1994); *Pack v. ACandS, Inc.*, 838 F. Supp. 1099, 1103 (D. Md. 1993).      Additionally, the United States District Court for the District of Connecticut has repeatedly held that similarly-situated parties were "acting under a federal officer" in relation to their design and manufacture of Navy equipment.  *Pianko v. General Elec. Co.*, 2010 WL 717897 (D. Conn. Feb. 23, 2010), *Allen v. CBS Corp.*, 2009 WL 4730747 (D. Conn. Dec. 1, 2009), *Wight v. General Elec. Co.*, 2009 WL 2766706 (D. Conn. Aug. 27, 2008) (Hall, J.); *Allen v. General Elec. Co.*, 2009 WL 2766583 (D. Conn. Aug. 27, 2009) (Hall, J.); *Kotecki v. Buffalo Pumps*, 2009 WL 2253169 (D. Conn. July 28, 2009) (Eginton, J.); *Murphy v. General Elec. Co.*, 2009 WL 2151192 (D. Conn. July 15, 2009) (Eginton, J.); *DeMarco v. General Elec. Co.*, Case No. 3:09-cv-00373, Ruling on Plaintiffs' Motion to Remand (D. Conn. May 29, 2009) (Dorsey, J.); *Carroll v. Buffalo Pumps*, 2008 WL 4793725 (D. Conn. Oct. 27, 2008) (Eginton, J.); *DeMatties v. Acmat Corp.*, 2008 WL 4735145 (D. Conn. Oct. 27, 2008) (Eginton, J.); *Olivar v. Buffalo Pumps*, 2008 U.S. Dist. LEXIS 84174 (D. Conn. Oct. 21, 2008) (Droney, J.); *Vicosi v. American Optical Corp.*, 2008 WL 4426884 (D. Conn. Sept. 29, 2008) (Underhill, J.); *Despres v. AMPCO-Pittsburgh Corp.*, 577 F. Supp. 2d 604 (D. Conn. 2008) (Arterton, J.); *Pantalone*, *supra*; *Contois v. Able Indus.*, 523 F. Supp. 2d 155 (D. Conn. 2007) (Thompson, J.); *Machnik v. Buffalo Pumps*, 506 F. Supp. 2d 99 (D. Conn. 2007) (Droney, J.).

9.      It is "axiomatic" that, if a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the Navy under the Navy's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office.  *Madden*, 205 F. Supp. 2d at 701-02.  *See also, e.g.*, *Isaacson*, 517 F.3d at 137-38; *Pantalone*, 576 F. Supp. 2d at 330-31.

4

10.     As to the question of a colorable federal-law based defense, Westinghouse hereby asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988) in that: 1) it designed, manufactured and supplied the turbines at issue in this case in accordance with "reasonably precise specifications" promulgated or adopted by the Navy; 2) the turbines conformed with those Navy specifications; and 3) at all times relevant to this suit, the Navy was independently aware of potential health hazards associated with asbestos exposure. Once again, numerous courts considering the propriety of the removal of asbestos-related claims involving Westinghouse's design and manufacture of Navy turbines have found that Westinghouse can accordingly state at least a colorable government contractor defense in relation to such claims. *See, e.g.*, *Crocker*, 852 F. Supp. at 1327; *Pack*, 838 F. Supp. at 1103. This Court has repeatedly reached a similar conclusion in relation to asbestos-related claims brought against similarly-situated Navy equipment designers and manufacturers. *See, e.g.*, *Despres*, 577 F. Supp. 2d at 609; *Pantalone*, 576 F. Supp. at 331-32.

11.     Westinghouse has attached those documents required by 28 U.S.C. 21 §1446(a) and/or the Rules of Practice of the Connecticut Superior Court.

12.     Removal of this action is proper under 28 U.S.C. § 1442 as it is a civil action brought in a state court and as – consistent with the short and plain statement of the law and facts set forth herein – the federal district courts have original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1) because Westinghouse was acting under an officer or agency of the United States in relation to the claims stated against it and can state at least a colorable federal law-based defense to said claims.

WHEREFORE, PREMISES CONSIDERED, Westinghouse, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Superior Court for the Judicial District of Fairfield at Bridgeport, on this 29th day of April, 2010.

Respectfully submitted,

THE DEFENDANT,
CBS CORPORATION, A DELAWARE
CORPORATION, F/K/A VIACOM INC.,
SUCCESSOR BY MERGER TO CBS
CORPORATION, A PENNSYLVANIA
CORPORATION, F/K/A WESTINGHOUSE
ELECTRIC CORPORATION,
By its attorneys,

By: _____
Thomas F. Maxwell, Jr.
Fed. Bar No. CT00132
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone (203) 330-2000
Facsimile (203) 576-8888
tmaxwell@pullcom.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2010, a copy of foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Counsel for the Plaintiffs:
Melissa Olson, Esq.
Embry and Neusner
P.O. Box 1409
118 Poquonnock Road
Groton, CT 06340-1409

Counsel for Leslie Controls:
James Oswald, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Counsel for Air & Liquid Systems Corporation:
Geoffrey L. Squitiero, Esq.
Maher and Murtha, LLC
528 Clinton Ave.
Bridgeport, CT 06605

Counsel for General Electric:
Dan LaBelle, Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880

Thomas F. Maxwell, Jr.

ACTIVE/58211.971/TXM/2127172v1

**SUMMONS - CIVIL**
JD-Cv-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**See page 2 for Instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) | | |
|---|---|---|---|---|
| 1061 Main Street, Bridgeport, CT | (203) 579-6527 | **May** | **11** | **2010** |
| | | Month | Day | Year |

| ☒ Judicial District | G.A. | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | Bridgeport | Major: **T** | Minor: **20** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Embry & Neusner, 118 Poquonnock Road, P.O. Box 1409, Groton, CT 06340 | 102932 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| (860) 449-0341 | |

| Number of Plaintiffs: 2 | Number of Defendants: 4 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name (Last, First, Middle initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|---|
| First Plaintiff | Name: Address: | Susan Lawton, Executrix for the Estate of Herbert Lawton 16 Caribou Drive, Norwich, CT 06360 | P-01 |
| Additional Plaintiff | Name: Address: | Susan Lawton Personally 16 Caribou Drive, Norwich, CT 06360 | P-02 |
| First Defendant | Name: Address: | General Electric Company c/o CT Corporation System One Corporate Center, Floor 11, Hartford, CT 06103 | D-50 |
| Additional Defendant | Name: Address: | CBS Corporation c/o Corporation Service Company 50 Weston Street, Hartford, CT 06120 | D-51 |
| Additional Defendant | Name: Address: | Air & Liquid Systems as sbm to Buffalo Pumps, Inc. c/o CT Corporation System 116 Pine Street, Suite 320, Harrisburg, PA 17101 | D-52 |
| Additional Defendant | Name: Address: | Leslie Controls, Inc. c/o Secretary of Corporation 12501 Telecom Drive, Tampa, FL 33637 | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left John Gelda, Esq. | | Date signed 3-30-10 |
|---|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | | Date |
|---|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

| Signed (Official taking recognizance; "X" proper box) | ☐ Commissioner of the Superior Court ☐ Assistant Clerk | Date | Docket Number |
|---|---|---|---|

ATTEST: A TRUE COPY
JOSEPH LaZANZERELLA
CT. STATE MARSHAL

(Page 1 of 2)

Return Date: May 11, 2010

SUSAN LAWTON, EXECUTRIX FOR THE ESTATE        :        SUPERIOR COURT
OF HERBERT LAWTON AND SUSAN LAWTON            :
PERSONALLY,                                    :        J.D. OF FAIRFIELD
    Plaintiffs,                              :
                                               :        AT BRIDGEPORT
VS.                                            :
                                               :
                                               :
GENERAL ELECTRIC COMPANY;                      :
CBS CORPORATION f/k/a VIACOM INC.,             :
    successor-by-merger with CBS CORPORATION   :
    f/k/a WESTINGHOUSE ELECTRIC                 :
    CORPORATION;                               :
AIR & LIQUID SYSTEMS CORPORATION               :
    as successor-by-merger to BUFFALO PUMPS,    :
    INC.;                                      :
LESLIE CONTROLS, INC.;                         :
          Defendants                  :

## ...COMPLAINT

### CLAIM ON BEHALF OF THE ESTATE OF HERBERT LAWTON AND SUSAN LAWTON PERSONALLY

### FIRST COUNT BASED ON NEGLIGENCE AND PRODUCTS LIABILITY ON BEHALF OF THE ESTATE OF HERBERT LAWTON FOR PERSONAL INJURIES, WRONGFUL DEATH AND DAMAGES.

1.    The Plaintiff, SUSAN LAWTON, has been appointed Executrix

of the Estate of HERBERT LAWTON by the Court of Probate, District of Norwich, State of

Connecticut. At all relevant times, SUSAN LAWTON was the spouse of HERBERT

LAWTON.

2.     The Decedent, HERBERT LAWTON was employed as an outside machinist at General Dynamics / Electric Boat Division, Groton, Connecticut from on or about 1965 to 1967. Mr. Lawton was employed as a materials handler at Prevel Industries, Plainfield, CT from on or about 1968 to 1969. Mr. Lawton was employed as an electrician, gas metering foreman with Norwich Public Utilities, Norwich, CT from on or about 1969 to 2002. He also performed work on automobiles and other vehicles. His duties, work and activities caused him to work in areas where he and others were handling and working with asbestos products or products containing, involving or requiring the use of asbestos and was exposed to asbestos fibers and materials manufactured by the defendants, and otherwise placed into the stream of commerce by the defendants. The decedent, HERBERT LAWTON, worked in areas where he was exposed to asbestos.

2a.    General Electric Company is a New York corporation which does business in the State of Connecticut with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 0643. Its agent for service is CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103.

2b.    CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, does business in the State of Connecticut with its principal place of business at 51 West 52nd Street, New York, New York 10019. Its agent for service is Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

2c.     Air & Liquid Systems Corporation as successor-by-merger to Buffalo Pumps, Inc., does business in the State of Connecticut with its principle place of business at 874 Oliver Street, North Tonawanda, NY 14120-3298 and an agent for service at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

2d.     Leslie Controls, Inc., does business in the State of Connecticut with its principle place of business at 12501 Telecom Drive, Tampa, FL 33637.

3.     The Defendants who are successor corporations have assumed the assets and liabilities of their predecessors, and they are responsible for the liabilities of the predecessors, both as to compensatory and as to punitive damages.  As used in this Complaint, "defendant(s)" includes, unless expressly stated to the contrary above, all predecessors for whose actions plaintiff claims the named defendant(s) is(are) liable.

4.     The Defendants listed in paragraphs 2a through 2d were either in the business of manufacturing, distributing and selling various products or they manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function or acted jointly with companies and corporations that were either in the business of manufacturing, distributing and selling various products or that manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

5.      During the Decedent's employment and in his duties, work and activities, he was exposed to the asbestos, asbestos products or products containing, involving or requiring the use of asbestos manufactured by the defendants and otherwise placed into the stream of commerce by the defendants.  As part of his employment and in his work, duties and activities, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

6.      The illnesses of the Decedent are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of interstate commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have known required or involved asbestos for use, operation or function which the defendants knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Decedent's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

7.      The disability, injuries, and illness of the Decedent are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care,

should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products was deleterious, poisonous and highly harmful to the Decedent's body, lung, respiratory system, skin and health, the Defendants nonetheless:

7a.     Failed to advise the Decedent of the dangerous characteristics of their asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products which they knew or should have known required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

7b.     Failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7c.     Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products,

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

7d.    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos containing-products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7e.    Inadequately warned, if, in fact, they warned at all, persons such as the Decedent of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

7f.    Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

7g.    Did not recommend methods to improve the work environment,

7h.    Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

7i.    Failed to provide adequate safety instructions for persons who would reasonably and forseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

7j.    Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

7k.     Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

7l.     Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

8.      The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Decedent injuries stated herein.

9.      The Defendants, as part of their business, manufactured, sold and delivered their asbestos products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Decedent, without substantial change in the condition in which they were sold.

10.     At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

11.     The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

12.     The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

13.     All or some of the Defendants became aware of the dangers of breathing asbestos before the Decedent was exposed to Defendants' asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Decedent and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

14.     Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which

information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Decedent and other human beings.

15.     The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

16.     It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

17.     As a result of the acts of the Defendants as aforesaid and the Decedent's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Decedent HERBERT LAWTON was diagnosed as suffering from asbestos-related lung cancer, lung cancer, asbestosis, asbestos-related lung disease, lung disease, pleural plaques and / or loss of lung function. He endured significant pain and mental anguish. His earning capacity was impaired and he was severely restricted in his usual activities. He was required to spend large sums of money for medical care and treatment. He suffered great anguish

because of the impending nature of his premature death and the pain and anguish it would cause his family.  As a consequence of his injuries, HERBERT LAWTON died on or about December 17, 2009, and he and his estate were denied earnings and life's enjoyment and incurred expenses for medical care and treatment and for funeral bills for which just compensation is sought.

## SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR THE ESTATE OF HERBERT LAWTON

18.     Paragraphs 1 through 17 are hereby repeated and realleged as if fully set forth.

19.     The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

20.     The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Decedent of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

21.     The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Decedent from the known dangers of asbestos.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

## THIRD COUNT FOR LOSS OF CONSORTIUM
## ON BEHALF OF SUSAN LAWTON

22. Paragraphs 1 through 21 are hereby repeated and realleged as if fully set forth.

23. The illness and injuries suffered by the Decedent prior to death resulting from his exposure to asbestos products deprived the Decedent's spouse of comfort, support, service and consortium to which she is entitled.

24. As a result of the Decedent's exposure to asbestos products produced or supplied by Defendants and his resulting injuries and damages, the Decedent's spouse has been deprived of the comfort, support, and consortium to which she was entitled. Pursuant to C.G.S.A. 52-555a&b, the Decedent's death resulting from his asbestos-induced injuries has denied the Decedent's spouse the society, affection, moral support, service provided by, and companionship of the decedent resulting in injuries and damages to her.

By _____
John Geida, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
jgeida@embryneusner.com

ATTEST: A TRUE COPY
JOSEPH L. ANTINERELLA
CT. STATE MARSHAL

Wherefore the Plaintiff, Susan Lawton, claims against the Defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Date at Groton this ___30___ day of ___March_____, 2010.

By _____
John Geida, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
jgeida@embryneusner.com

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932